## (December 7, 1965)

■ EDITH EDWARDS v. DONALD W. EDWARDS.— Motion for reargument and resettlement denied. (See *Baker* v. *Baker,* 17 A D 2d 924.) Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.

## (December 9, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES P. PENDER, Appellant.— Judgment convicting defendant of the crimes of robbery, second degree and assault, second degree, unanimously modified, on the law and on the facts, to the extent of reversing the conviction for assault, second degree and ordering a new trial thereon, and, as so modified, affirmed. The assault count fails because the element of the completed rape is unsupported by corroboration. (*People* v. *English,* 16 N Y 2d 719; *People* v. *Lo Verde,* 7 N Y 2d 114.) Concur — Breitel, J. P., Valente, McNally, Steuer and Witmer, JJ.

■ GLOBE INDEMNITY COMPANY, Appellant, v. HARRY E. BOWER et al., Respondents.— Order entered July 8, 1965, granting and denying in part plaintiff's *motion to vacate or modify defendants' demand for a bill of particulars,* unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of providing that the bill of particulars is to be served within 30 days after the conclusion of the examination of defendants, and, as so modified, affirmed, without costs. Special circumstances exist in this action against a former employee, his wife and corporations to account for secret and illicit gains arising out and in the course of his employment. The particulars sought would appear peculiarly within the knowledge of the defendants and the plaintiff should have the benefit of the defendants' examination before trial in complying with the demand for particulars. *Settle order on notice fixing date for examination to proceed.* Concur — Valente, J. P., McNally, Eager and Steuer, JJ.

■ GLOBE INDEMNITY COMPANY, Appellant, v. HARRY E. BOWER et al., Respondents.— Order entered August 10, 1965, granting defendants' motion to modify the notice of examination before trial and require the production of certain books and records, unanimously affirmed, without costs or disbursements. We interpret the order appealed from to require the production of the documents described in the notice of examination for use in accordance with the rulings by the Justice presiding at Special Term, Part II. Settle order on notice fixing date for examination to proceed. Concur — Valente, J. P., McNally, Eager and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SOLIMINE, Appellant.— Judgment of conviction unanimously reversed on the law and the case is remanded for a hearing on the authority of *People* v. *Alfinito* (16 N Y 2d 181). Concur — Breitel, J. P., Rabin, Valente, McNally and Staley, JJ.